CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 24, 2013

LETTER TO COUNSEL:

RE:     *Brenda Kaye Carey Lowery v. Commissioner, Social Security Administration*;
         Civil No. SAG-12-2038

Dear Counsel:

On July 10, 2012, the Plaintiff, Brenda Kaye Carey Lowery, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 13). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Carey Lowery filed her claim on January 14, 2008, alleging disability beginning on October 1, 2004. (Tr. 206-16). Her claim was denied initially on May 13, 2008, and on reconsideration on December 12, 2008. (Tr. 95-99, 103-08). A hearing was held on May 21, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-67). Following the hearing, on July 30, 2010, the ALJ determined that Ms. Carey Lowery was not disabled during the relevant time frame. (Tr. 10-26). The Appeals Council denied Ms. Carey Lowery's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Carey Lowery suffered from the severe impairments of "herniated cervical disc, lumber disc disease, depression, anxiety, carpal tunnel syndrome, and heart murmur." (Tr. 15). Despite these impairments, the ALJ determined that Ms. Carey Lowery retained the residual functional capacity ("RFC") to:

> perform a restricted range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She must avoid concentrated exposure to vibration.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Carey Lowery could perform her past relevant work as a bartender or restaurant manager, and that she therefore was not disabled during the relevant time frame. (Tr. 20).

Ms. Carey Lowery raises four arguments in support of her appeal: (1) that the ALJ improperly dismissed the opinion of Ms. Carey Lowery's treating physician, Dr. Michael Sullivan; (2) that the RFC determined by the ALJ did not consider the severity of her impairments; (3) that the hypothetical posed to the VE was inadequate; and (4) that the ALJ's reliance on the VE's testimony that she could perform past relevant work was improper. Each argument lacks merit.

First, Ms. Carey Lowery contends that the ALJ failed to afford controlling weight to the opinion of Dr. Michael Sullivan. Pl.'s Mot. at 12-14. Although the opinions of treating physicians can be entitled to controlling weight, such an opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of the record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed, at some length, Dr. Sullivan's treatment notes and his opinion. (Tr. 18-19). He found that Dr. Sullivan's 2007 and 2010 opinions were entitled to little weight because they were internally inconsistent with treatment notes and unsupported by the balance of the evidence. Dr. Sullivan opined that Ms. Carey Lowery could sit, stand, and walk only up to one hour during an eight-hour workday; could lift and carry less than ten pounds; and experienced depression. (Tr. 444, 573). However, Dr. Sullivan's opinion was starkly inconsistent with the medical evidence of the record. For example, Dr. Yalamanchili found that Ms. Carey Lowery had a normal gait and full range of motion. (Tr. 429). He recommended conservative treatment — that she undergo four weeks of physical therapy and a cortisone shot to alleviate her back pain. (Tr. 430). Likewise, Dr. Irfan Hassen observed that Ms. Carey Lowery was not in acute pain and did not require assistance dressing, undressing, or getting on and off of the examination table. (Tr. 451). Further, state agency physician consultant Dr. Biddison opined that Ms. Carey Lowery could sit, stand, and walk for up to six hours in an eight-hour workday. (Tr. 457). The ALJ had substantial evidence on which to base his assignment of less than controlling weight to Dr. Sullivan's opinion regarding Ms. Carey Lowery's physical limitations.

Moreover, the ALJ properly discounted Dr. Sullivan's opinion on Ms. Carey Lowery's depression because it was inconsistent with his own treatment notes, which revealed that her depression was "under control." (Tr. 565). The ALJ considered the medical records as a whole and concluded that Dr. Sullivan's opinion that plaintiff had marked functional and mental limitations, was inconsistent with other medical evidence of the record and not entitled to significant weight. (Tr. 17-18). Accordingly, the ALJ did not err in his assignment of weight to Dr. Sullivan's opinions.

Ms. Carey Lowery next contends that the ALJ's RFC assessment was incomplete because it did not properly consider all of her limitations, specifically relating to depression and anxiety and her subjective complaints of pain. Pl.'s Mot. at 14-18. With respect to Ms. Carey Lowery's alleged mental impairments, the ALJ did consider these limitations when imposing the restriction to light-level work. The ALJ found that while Ms. Carey Lowery complained to treating sources about feeling depressed, the record did not reflect any indication of severe — or even moderate — depression affecting functioning, but rather described her mental status as controlled and

within normal limits. (Tr. 17-18, 565, 381). As the ALJ noted, Ms. Carey Lowery has neither sought nor received any mental health treatment, including counseling or medications, and has no history of psychiatric hospitalizations. (Tr. 17-18). Additionally, Ms. Carey Lowery has been able to function at her current intellectual level, and consultative psychological examiner Dr. Leigh Knotts found that her depressive symptoms did not meet the criteria for major depression. (Tr. 381). Therefore, the ALJ's RFC determination that Ms. Carey Lowery's mental impairments limited her to simple and unskilled work was sufficiently detailed and was supported by substantial evidence.

Ms. Carey Lowery next argues that the ALJ did not consider or discuss her allegations of pain. That complaint lacks merit. The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain:

> The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Craig*, 76 F.3d at 594. The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595. However, a "lack of an explicit finding at the first step of the required pain analysis does not constitute reversible error if the ALJ cites to substantial evidence to support his overall finding on [the claimant's] subjective complaint of pain." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 651 (D. Md. 1999).

*Perkins v. Apfel*, 101 F.Supp.2d 365, 373 (D. Md. 2000). The ALJ cited to substantial evidence to support his overall finding on Ms. Carey Lowery's subjective complaints of pain. First, the ALJ expressly found that Ms. Carey Lowery suffers from pain, but then determined that Ms. Carey Lowery's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with [her] RFC assessment." (Tr. 17). Specifically, the ALJ cited to Ms. Carey Lowery's inconsistent statements regarding her debilitating physical symptoms, including a statement in April 2008 that she walked about one to two miles daily, could climb 12 steps at a time, and could carry ten pounds across the length of a room. (Tr. 18, 450). The ALJ further cited to Ms. Carey Lowery's non-compliance with treatment regimens and various treatment notes that reported normal physical examinations. (Tr. 18-19, 348-49, 451-53, 475-76, 481). Those citations constitute substantial evidence to support the ALJ's determination, and the ALJ's decision will not be disturbed.

Ms. Carey Lowery's third argument, regarding the purported inadequacy of the hypothetical addressed to the VE, is similarly deficient. Pl.'s Mot. at 18-19. First, she claims that the ALJ did not accurately consider her manipulative limitations or limitations related to her depression and anxiety. Pl.'s Mot. at 18. I find no merit in this argument, because the hypothetical included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial

evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Ms. Carey Lowery's RFC. As a result, the ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

Finally, Ms. Carey Lowery contends that the ALJ erred in finding that she could return to her past relevant work as a restaurant manager or bartender. Pl.'s Mot. at 19-20. First, she alleges that her work as a restaurant manager is vocationally irrelevant because more than fifteen years have passed since she performed this type of work. *Id.*[1] However, the Commissioner submits that this occupation is not relied on because it is unclear precisely when Ms. Carey Lowery performed this job and whether it qualifies as past relevant work under the regulations. Def.'s Mot. at 31-32. Ms. Carey Lowery's contention that her past relevant work as a restaurant manager is vocationally irrelevant therefore is immaterial.

Ms. Carey Lowery also argues that her past relevant work as a bartender, as she actually performed it, should be classified as medium-level work, not light work as classified by the VE. Pl.'s Mot. 20. Ms. Carey Lowery fails to recognize, however, that a VE can testify about whether a person with the claimant's limitations can meet the demands of the claimant's past work, either as the claimant *actually* performed it or as it is *generally* performed in the national economy. *See* 20 CFR §§ 404.1560(b)(2) and 416.960(b)(2). Consequently, the ALJ appropriately relied on the VE's testimony that Ms. Carey Lowery's past relevant work as a bartender was classified as light. (Tr. 57). Because that work fell within the parameters of the RFC, the ALJ's decision that Ms. Carey Lowery could perform her past relevant work was appropriate. (Tr. 20).

For the reasons set forth herein, Ms. Carey Lowery's motion for summary judgment (ECF No. 12) will be DENIED and Defendant's motion to summary judgment (ECF No. 13) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Social Security regulations provide that "work performed 15 years or more prior to the time of adjudication of the claim (or 15 years prior to the date the Title II disability insured status requirement was last met, if earlier) is ordinarily not considered relevant." 20 CFR 404.965(a), 20 CFR 416.965(a), SSR 82-62.